UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

GERALD MAYA o/b/o                           **NOT FOR PRINT OR**
A.A.M. and E.G.M.                           **ELECTRONIC PUBLICATION**

                    Plaintiff,              **MEMORANDUM & ORDER**

                                            11-CV-2716 (KAM)

        v.


COMMISSIONER OF SOCIAL SECURITY,



                    Defendant.

-----------------------------------X

**MATSUMOTO, United States District Judge:**

        Plaintiff Gerald Maya, on behalf of his minor children, A.A.M. and E.G.M., appeals former commissioner of Social Security Michael Astrue's ("commissioner" or "defendant") denial of his application for retroactive Supplementary Security Income ("SSI") benefits for his children, prior to February 2005, dating back to 1999.  Plaintiff alleges that his children were unable to receive timely SSI benefits because (i) he notified the Social Security Administration ("SSA" or "agency") before 1999 that A.A.M. may be entitled to benefits, and (ii)

1

the SSA delayed granting his application for SSI benefits for such a long period of time that it amounted to a procedural due process violation, excusing his failure to file a claim on behalf of A.A.M. and E.G.M until February 13, 2006, when the children's mother filed an application. For the reasons provided below, this court grants defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), denies plaintiff's cross-motion for judgment on the pleadings, and affirms the commissioner's decision denying retroactive benefits prior to February 2005, or 12 months before an application for child's insurance benefits was filed on behalf of A.A.M. and E.G.M.

## BACKGROUND

On May 31, 1988, plaintiff filed an application for disability insurance benefits. (Certified Administrative Record ("Tr.") at 481.) After the application was denied, plaintiff filed a request for a hearing on May 17, 1989. (*Id.*) An administrative law judge ("ALJ") issued a decision denying plaintiff's requested benefits on December 28, 1989. (*Id.*)

On June 18, 1992, plaintiff filed applications for disability insurance and SSI benefits for an alleged disability resulting from a back impairment. (*Id.* at 27-30, 60-63.) In his disability insurance benefits application, plaintiff stated that he had a daughter, J.J.M., who would also be entitled to

benefits if his applications were approved. (*Id.* at 28.) Plaintiff's applications were denied at the initial and reconsideration levels. (*Id.* at 31-44.) Plaintiff then requested a hearing and appeared before ALJ Harold Rosenbaum on August 24, 1993. (*Id.* at 76, 177-227, 312-362.) On January 26, 1994, ALJ Rosenbaum found that plaintiff was not disabled. (*Id.* at 10-20.) On May 24, 1994, the Appeals Council denied plaintiff's request to review ALJ Rosenbaum's decision. (*Id.* at 2-4.)

Plaintiff then filed a civil action in this district. *Gerald Maya v. Sec'y of Health & Human Servs.*, No. 94-cv-3312 (JBW) (E.D.N.Y. filed July 13, 1994). After oral argument on April 12, 1996, Judge Weinstein remanded plaintiff's claim under 42 U.S.C. § 405(g) so ALJ Rosenbaum could consider new evidence submitted by plaintiff. (Tr. at 378-83.) On November 30, 1996, the Appeals Council vacated ALJ Rosenbaum's decision and remanded the case for additional proceedings. (*Id.* at 257.)

ALJ Rosenbaum held another hearing on September 16, 1997. (*Id.* at 258-301.) Plaintiff's child A.A.M., who was born in 1996, was not mentioned by plaintiff or his attorney during this hearing. (*Id.* at 258-300.) ALJ Rosenbaum denied plaintiff's claim on November 17, 1997. (*Id.* at 236-248.) The Appeals Council declined to assume jurisdiction, and plaintiff reopened his federal court case. (*Id.* at 230-231.)

3

On April 15, 1999, Judge Weinstein issued a Memorandum & Order in which he stated that the evidence supported a finding that plaintiff was in fact disabled and remanded the case for "further consideration." (*Id.* at 515-35.) Pursuant to Judge Weinstein's decision, the Appeals Council remanded plaintiff's case to an ALJ for additional proceedings on November 13, 1999. (*Id.* at 622-23.) On June 9, 2000, the Appeals Council directed the ALJ to consolidate plaintiff's 1992 claim with his 1988 application, which had been reopened under a class action settlement in *Stieberger v. Sullivan*, 801 F. Supp. 1079 (S.D.N.Y. 1992). (*Id.* at 511-13.)[1]

Plaintiff's former counsel, Harvey Burko, wrote to ALJ Michael S. London on June 13, 2001, arguing that a hearing should not be scheduled in the case, because plaintiff had already testified at several hearings regarding his claims. (*Id.* at 730.) This letter did not mention plaintiff's children. (*Id.*) On March 18, 2002, ALJ London ruled that plaintiff's case should not have been remanded by the Appeals Council to an ALJ because there were no material issues to be decided and "remanded" the case to the Appeals Council to issue a decision

---

[1] As part of the *Stieberger* class action settlement, plaintiff completed a supplement form (the "*Stieberger* supplement") on November 8, 1996, which specifically advised him in Part IV to list the names and dates of birth of a spouse or children "to protect [their] rights . . . to any benefits to which they may be entitled on your record as a result of the" *Stieberger* review. (ECF No. 37, Second Supplemental Administrative Record ("Supp. Tr."), 8/20/12, at 3.) Plaintiff did not list A.A.M., who had been born on January 25, 1996, and could not have listed E.G.M., who was born on April 17, 1998. (*Id.*; Tr. at 561.)

consistent with Judge Weinstein's April 15, 1999 Memorandum & Order. (*Id.* at 496-97.)

The SSA then lost plaintiff's file. (*Id.* at 487, 554, 784.) Between February 11, 2002, and August 16, 2004, counsel for plaintiff wrote seven letters to the Appeals Council, requesting a status update on plaintiff's case. (*Id.* at 499-506.) None of these letters mentioned plaintiff's children A.A.M. or E.G.M. or suggested an intent to file for benefits on their behalf. (*Id.*) On March 30, 2005, plaintiff went to a SSA district office to ask about the status of his case. (*Id.* at 494.) A SSA employee wrote in a summary of the encounter that plaintiff's file could not be initially located, but his file was later found after some phone calls and sent to the Appeals Council. (*Id.*) Plaintiff provided his new address to the SSA employee and stated that he no longer had an attorney, but he did not mention his children A.A.M. or E.G.M. or say he wanted to file an application for benefits on their behalf. (*Id.*)

On August 19, 2005, the Appeals Council remanded the case to an ALJ and stated that the district court had remanded the case for additional proceedings, not a finding of disability. (*Id.* at 491-92.) On February 1, 2006, ALJ Lucian Vecchio found that plaintiff had been disabled as of February 10, 1988, and awarded benefits to plaintiff. (*Id.* at 483-89.) J.J.M., who had been named in plaintiff's 1992 application as

5

plaintiff's daughter, was deemed entitled to child's insurance benefits extending back to 1988. (*Id.* at 554, 784.) On January 7, 2007, the Appeals Council declined to review plaintiff's appeal of ALJ Vecchio's decision in which he asserted *Stieberger* relief but did not mention A.A.M. or E.G.M. (*Id.* at 478-79.) Plaintiff filed an action on February 20, 2007 seeking judicial review of the Appeals Council's decision, but he did not mention A.A.M. or E.G.M. in his complaint, and the action was eventually dismissed as moot. *Maya v. Comm'r*, No. 07-cv-784 (RJD) (E.D.N.Y. filed Feb. 20, 2007).

On February 13, 2006, Miriam Zapata, the mother of A.A.M and E.G.M. filed an application for child's insurance benefits on behalf of A.A.M., who was born in 1996, and E.G.M., who was born in 1998. (*Id.* at 561-65.) A.A.M and E.G.M were granted benefits from February 2005 on their father's account, which allowed for 12 months of retroactivity before the month of their application. (*Id.* at 554, 784.)

Zapata sought reconsideration because she believed A.A.M and E.G.M should have been granted benefits as of their births, but her request for reconsideration was denied. (*Id.* at 571-74.) On March 5, 2009, ALJ Robert Dorf held a hearing on the combined claims of A.A.M. and E.G.M. (*Id.* at 752-70.) Plaintiff and Zapata appeared at the hearing, and plaintiff testified that at a 2001 hearing in his case, there had been an

6

off-the-record discussion between his counsel and the ALJ about plaintiff's children, and the ALJ had stated that he would "make a note of that." (*Id.* at 760-61.) There is no indication in the record of any such "off the record" discussion.

Plaintiff also testified that, despite Judge Weinstein's 1999 decision, the agency had not made a final decision on his claim until February 1, 2006. (*Id.* at 763.) Plaintiff said that if the SSA had awarded him benefits at the time of Judge Weinstein's decision, then A.A.M. and E.G.M would have been entitled to benefits in 2000 or 2001. (*Id.*) Plaintiff stated that he did not know he was supposed to file applications for his daughters because no one had told him to do so. (*Id.* at 764.) Plaintiff further testified that he "didn't have no knowledge [he] was supposed to [*sic*]" file a disability application on behalf of his children and that, although he called the SSA's 1-800 number, "nobody told [him]" that he needed to file an application for his children and nobody told him *not* to file an application for his children. (*Id.* at 763-64.) Zapata also testified that she did not know she could have filed an application on behalf of A.A.M. and E.G.M and that no one had told her *not* to file an application on behalf of A.A.M. and E.G.M. (*Id.* at 764.)

On June 3, 2009, ALJ Dorf found that A.A.M. and E.G.M were not entitled to child's insurance benefits prior to

7

February 2005, which was 12 months before Zapata had filed their application for child's insurance benefits on February 13, 2006, because no one had timely filed an application on behalf of the children prior to that date and there was no indication that either plaintiff or Zapata had been provided misinformation. (*Id.* at 550-56, 780-86.) In a July 8, 2009 letter to the Appeals Council, plaintiff stated that he was no longer seeking benefits for A.A.M. and E.G.M from their dates of birth, but only from the time of Judge Weinstein's April 15, 1999 Memorandum & Order. (*Id.* at 746-47, 778-79.) Plaintiff asserted that Judge Weinstein's Memorandum & Order should have been effectuated in 1999 and that A.A.M. and E.G.M should receive benefits extending to 1999 in the "interest of justice" due to the SSA's delays. (*Id.* at 746, 778.) Plaintiff further specifically stated for the first time that he had called the SSA in 2000 at its 1-800 number and been advised by an SSA employee not to "do anything" until he won his case. (*Id.* at 779.) The Appeals Council denied plaintiff's request for review on May 6, 2011, rendering ALJ Dorf's June 3, 2009 decisions the Commissioner's final decisions. (*Id.* at 544-47, 771-75.) Plaintiff then appealed.

## DISCUSSION

### I. Legal Standards

#### a. Standard of Review

"A district court may set aside the [ALJ's] determination . . . only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal citations omitted). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). An evaluation of the "substantiality of evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). The reviewing court "may not substitute its own judgment for that of the [ALJ], even if it might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (quoting *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)). Accordingly, if there is substantial evidence in the record to support the Commissioner's factual findings, those findings are conclusive and must be upheld. 42 U.S.C. § 405(g); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

9

"However, because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Burgess*, 537 F.3d at 128 (internal quotation and citation omitted); *see Lamay v. Comm'r*, 562 F.3d 503, 508 (2d Cir. 2009) ("[S]ocial security hearings are not [or at least are not meant to be] adversarial in nature."). Despite the substantial deference afforded to the ALJ's determination, remand is appropriate for further development of the evidence where there are gaps in the administrative record or where the ALJ has applied an improper legal standard. *See Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

### b.  Standards for Entitlement to Child's Insurance Benefits

A claimant for monthly benefits under the Act is not entitled to retroactive benefits earlier than twelve months before the month in which the claimant files an application for benefits. 42 U.S.C. § 402(j)(1)(A). Where a claimant is entitled to disability insurance benefits, the claimant's child is also eligible for benefits if the child (A) has filed an application for child's insurance benefits; (B) is unmarried at the time of filing, is under the age of 18, is a full-time elementary or secondary school student under the age of 19, or is also disabled, as defined by 42 U.S.C. § 423(d), and the

child's disability began before the age of 22; and (C) is dependent on the claimant if the claimant is living at the time of filing. 42 U.S.C. § 402(d)(1).

The SSA's regulations further provide that a claimant *must* file an application for benefits in addition to meeting the other requirements. 20 C.F.R. §§ 404.350(a)(3), 404.603 (2013). A claim for benefits generally (a) must be on an application form prescribed by the SSA; (b) must be completed and filed with SSA; (c) must be signed by the claimant or someone filing the application on the claimant's behalf; and (d) absent certain limited exceptions, must be filed when the claimant is alive. 20 C.F.R. § 404.610 (2013). As a general rule, the filing date of the application is the date it is received by an SSA employee. 20 C.F.R. § 404.614 (2013).

When an individual submits a written statement such as a letter that indicates an intent to claim benefits, however, the date of the written statement can be used as the filing date if (a) the statement indicates an intention by the writer to claim benefits; (b) the statement is signed by the claimant or another person who is a proper party to file the application, or the claimant, the claimant's spouse, or another person described in 20 C.F.R. § 404.612 appropriately notifies the SSA; (c) the prescribed application is filed within six months after the SSA sends a notice to the claimant that a formal application is

necessary; and (d) the claimant is alive when the prescribed application form is filed or, if deceased, the prescribed form is timely filed by a person acting on the claimant's behalf. 20 C.F.R. § 404.630(a)-(d) (2013).

Lastly, if an SSA employee has provided the claimant with incorrect information, then the application may be deemed to have been filed as of the date the SSA employee provided the incorrect information. 20 C.F.R. § 404.633(a)-(g) (2013). A claim based on misinformation "must contain information that will enable the [SSA] to determine" if it did provide misinformation regarding eligibility for benefits. 20 C.F.R. § 404.633(f) (2013). But previous lack of knowledge about the rules concerning the receipt of benefits is not sufficient to establish an earlier filing date. §§ 20 C.F.R. 416.340, 416.345, 416.350 (2013); *see Binder v. Barnhart*, 307 F. Supp. 2d 471, 473 (E.D.N.Y. 2004)(holding that claimant was not entitled to an earlier filing date because "a lack of knowledge of the applicable rules does not fall within one of the circumstances when the [SSA] could recognize an earlier application filing date").

## II. Analysis

It is undisputed that Zapata first filed for child's insurance benefits for A.A.M. and E.G.M on February 13, 2006. (Tr. at 561-575.) Therefore, they would not be entitled to

child's insurance benefits prior to February 2005, or 12 months before Zapata filed for benefits. 42 U.S.C. § 402(j)(1)(A). Plaintiff, however, makes two arguments as to why A.A.M. and E.G.M should still receive benefits before February 2005. First, plaintiff alleges that he listed his daughter A.A.M. in filling out a form as part of the *Stieberger* class action settlement, thereby providing the SSA with notice that he would seek benefits on A.A.M.'s behalf. (ECF No. 34, Amended Motion for Judgment on the Pleadings ("Am. Mot."), 7/27/12, at 10.) Second, plaintiff argues that the lengthy delays by the SSA in adjudicating his application amount to a procedural due process violation. (*Id.* at 11.) These arguments will be discussed below.[2]

    **a. *Stieberger* Claim**

In his cross-motion, plaintiff argues that he listed his daughter A.A.M. as an individual who may be eligible for benefits when completing a supplementary form in connection with his request for review under the *Stieberger* class action settlement "around" 1997, thereby making her eligible for

---

[2] Plaintiff originally appeared *pro se* and filed an affidavit and opposition to defendant's motion for judgment on the pleadings in which he alleged that the SSA had provided him with misinformation when he called in early 2000. (ECF No. 24, Affidavit/Declaration in Opposition, 3/14/12.) Plaintiff subsequently retained counsel, and on March 30, 2012, the court granted plaintiff's motion to withdraw his affidavit and opposition to defendant's motion for judgment on the pleadings and permission to file a cross-motion for judgment on the pleadings. (Order dated 3/30/12.) In the cross-motion, plaintiff no longer alleges that he was provided misinformation by the SSA in a phone call in early 2000 and has thus abandoned this argument. (Am. Mot.)

child's insurance well before 2005. (*Id.* at 10.) Plaintiff provided a sworn declaration stating that "I can say with absolute certainty that I would have listed my daughter A.A.M. as a child eligible for benefits under my record" in filling out the *Stieberger* supplement. (*Id.* at Ex. E.)

After plaintiff submitted his cross-motion and declaration, the SSA found and produced the *Stieberger* supplement that plaintiff had submitted in 1996. (ECF No. 37, Second Supplemental Administrative Record ("Supp. Tr."), 8/20/12.) The *Stieberger* supplement clearly instructed plaintiff to list the names and dates of birth of a spouse or children if he wished "to protect [their] rights . . . to any benefits to which they may be entitled on your record as a result of the" *Stieberger* review. (*Id.* at 3.) Contrary to the argument in his cross-motion and the statement in his declaration, plaintiff did *not* list a spouse or *any* of his children in response to this question. (*Id.*) Accordingly, plaintiff's sworn assertion that he identified A.A.M. while filling out the *Stieberger* supplement is incorrect.

In his Reply brief, plaintiff concedes that he did not in fact list A.A.M. or E.G.M. in the 1996 *Stieberger* supplement. (ECF No. 43, Plaintiff's Reply Memorandum ("Reply"), 9/24/12, at 2.) Plaintiff argues, however, that the "SSA was duty bound to inquire, on an <u>ongoing</u> basis, about other individuals" who may

have been eligible for benefits. (*Id.*) This assertion fails because plaintiff does not and cannot cite any law, regulation, case, or other authority purportedly imposing such a "duty" on the SSA. (*Id.*)[3] Additionally, plaintiff fails to explain why he did not list A.A.M. on the *Stieberger* supplement even though A.A.M. had been born before he filled out the supplement. (*Id.*)

Also, plaintiff argues that the instructions in the *Stieberger* supplement regarding listing a spouse and/or children are "unnecessarily complex." (*Id.*) As explained, the *Stieberger* supplement clearly instructs plaintiff to list the names and birth dates of his spouse or any children who may be entitled to benefits. (Supp. Tr. at 3.) Thus, the court finds that this argument is not supported by the clearly worded instruction in the *Stieberger* supplement that plaintiff filled out.

**b. Delay Claim**

Plaintiff also argues that he should be entitled to benefits for A.A.M. and E.G.M. before 2005 because the SSA's loss of his file and delay in adjudicating his claim after Judge Weinstein remanded the case for additional proceedings in 1999 amounted to a procedural due process violation. (Am. Mot. at 11.) As a preliminary matter, neither Judge Weinstein nor ALJ

---

[3] Similarly, plaintiff's argument, unsupported by evidence in the record, that the SSA would have a record of the births of A.A.M. and E.G.M. also fails because it does not address the fact that neither plaintiff nor Zapata *filed* a claim for benefits on behalf of A.A.M. or E.G.M. until 2006. (Reply at 4.)

London issued a final decision that explicitly directed that plaintiff was entitled to immediate benefits. (Tr. at 496-97, 515-35.) Instead, Judge Weinstein found that plaintiff was disabled and remanded the case for additional proceedings, (*id.* at 534-535), and ALJ London in turn "remanded" the case to the Appeals Council to issue a decision, (*id.* at 496-97). It was not until February 1, 2006 that ALJ Vecchio found, based on Judge Weinstein's order that the commissioner's prior denial of benefits was "reversed and remanded for further consideration," that plaintiff had in fact been disabled since 1988. (*Id.* at 483-89.)

"When the government does not act with reasonable promptness, those claiming total disability are required to bear an unreasonable delay and suffer unwarranted deprivation of that which is lawfully theirs." *White v. Matthews*, 434 F. Supp. 1252, 1261 (D. Conn. 1976), *aff'd*, 559 F.2d 852 (2d Cir. 1977). Here, there was a gap of three years between March 18, 2002, when ALJ London "remanded" the case to the Appeals Council, and March 30, 2005, when plaintiff went to a SSA district office to ask about his case, when plaintiff's file was "lost." (Tr. at 494-97.) Such a delay that "involve[s] years of inaction" is "*per se* unreasonable." *Butts v. Barnhart*, 416 F.3d 101, 105 (2d Cir. 2005).

Plaintiff, however, has already received the remedy he would have been entitled to in this case for unreasonable delay – a hearing and benefits, including retroactive benefits for himself and for his daughter J.J.M. extending back to 1988. (Tr. at 483-89, 553-554.) What plaintiff has failed to show is any evidence in the record that an unreasonable delay in his hearing, even if it violated his rights to procedural due process, somehow impeded his ability to *file* a claim with the SSA for benefits on behalf of A.A.M. and E.G.M as required by 42 U.S.C. § 402(j)(1)(A).[4]

The evidence in the record also shows that plaintiff was aware that he needed to file a claim for child's insurance benefits. First, plaintiff does not dispute that he listed his first child, J.J.M., as a child who would be entitled to benefits in his 1992 application. (Tr. at 28.) Plaintiff was thus aware that he needed to list any children who would be entitled to benefits while seeking benefits for himself because he had already done so. (*Id.*) Second, as explained *supra* in Discussion section II.a., the *Stieberger* supplement form that plaintiff completed in November 1996 clearly instructed plaintiff to list the names and birth dates of his spouse and

---

[4] This failure by plaintiff to file a claim on behalf of A.A.M. and E.G.M distinguishes this case from *Kelly v. Railroad Retirement Board*. 625 F.2d 486, 488 (3d Cir. 1980). In *Kelly*, the plaintiff had properly filed an application for a disabled child's annuity under the Railroad Retirement Act. *Id.* Here, plaintiff did not file a claim on behalf of A.A.M. and E.G.M before February 2006. (Tr. at 554, 784.)

any children "to protect [their] rights . . . to any benefits to which they may be entitled on your record as a result of the" *Stieberger* review, but plaintiff failed to list a spouse or any children. (Supp. Tr. at 3.)

Therefore, although it is unfortunate that plaintiff's file was lost and he experienced a delay in his case, that delay does not entitle him to benefits for A.A.M. and E.G.M prior to February 2005 because it did not affect his obligation to file a claim on behalf of A.A.M. and E.G.M. as required by 42 U.S.C. § 402(j)(1)(A).

## CONCLUSION

For the reasons set forth above, defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is granted and plaintiff's motion for judgment on the pleadings is denied. The clerk of court is respectfully requested to enter judgment in favor of defendant and to close this case.

**SO ORDERED.**

Dated: December 6, 2013
      Brooklyn, New York

                                                  _____/s/_____
                                                  KIYO A. MATSUMOTO
                                                  United States District Judge
                                                  Eastern District of New York